UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JEAN ISME,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., and ROSNY LEROY,<br><br>    Defendants/<br>    Third Party Plaintiffs,<br><br>v.<br><br>ANNETT HOLDINGS, INC., d/b/a TMC TRANSPORTATION, and HUDSON INSURANCE COMPANY,<br><br>    Third Party Defendants. | No. 1:18-cv-12537-MLW |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND**

CABELL, U.S.M.J.

    Jean Isme, a Massachusetts resident, brought a state court action for negligence against Home Depot U.S.A., Inc. (Home Depot), a Georgia corporation, after sustaining an injury at one of its facilities. (D. 5). Home Depot subsequently filed a third-party complaint against Isme's employer, Annett Holdings, Inc. d/b/a TMC Transportation (TMC), an Iowa corporation, and TMC timely removed the case to federal court; federal court jurisdiction was predicted on diversity and amount in controversy under 28 U.S.C. § 1332. (D. 1).

On July 11, 2019, Home Depot moved to amend its third-party complaint to add a declaratory judgment claim against TMC's insurer, Hudson Insurance Company. This court allowed the motion following no opposition. (D. 17, 23).

On July 17, 2019, Isme moved for leave to amend his complaint to add Home Depot employee Rosny Leroy (Leroy) as an additional defendant. Isme averred that Leroy "is a key party to this case" because he "was responsible for loading the piece of lumber that ultimately fell on and injured [Isme]." (D. 20). Home Depot opposed the motion. (D. 22).

On October 2, 2019, this court allowed the motion following a prior hearing. The court concluded that, although the plaintiff could have moved to amend sooner than he did, there was no undue delay or bad motive in seeking amendment, the deadline for amending pleadings had not yet passed, and allowing the motion would not cause Home Depot undue prejudice. (D. 34). On October 4, 2019, Isme filed an amended complaint naming Leroy as a defendant. (D. 35).

Less than three weeks after doing so, however, Isme filed the present motion to remand. Isme notes that Leroy, like Isme, is a Massachusetts resident, an assertion Leroy admits (D. 35, ¶ 3, D. 42, ¶ 3), and argues that his presence as a party now means there is no longer complete diversity, which in turn means

that there is also no longer federal court jurisdiction.[1]  (D. 39).  No defendant has opposed (or even responded to) the plaintiff's motion.

It is hornbook law that a federal court may not exercise diversity jurisdiction over a case unless there is complete diversity between all plaintiffs and all defendants.  *American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP,* 362 F.3d 136, 139 (1st Cir. 2004).  There is no dispute that complete diversity is lacking here where the plaintiff and one of the defendants are both Massachusetts residents.  It follows that the court lacks subject matter jurisdiction over the present matter.  Remand therefore is appropriate.  *See e.g., Kaunders v. Uber Tech., Inc.*, No. 16-cv-11659-FDS, 2017 WL 1652552, at *5 (D. Mass. May 1, 2017).

Accordingly, I recommend that the Plaintiff's (unopposed) Motion for Remand (D. 39) be <u>Allowed</u>.[2]

---

[1] The timing of the motion to remand based on Leroy's presence as a defendant, coming less than three weeks after amending the complaint to add him as a defendant, might fairly lead one to wonder whether the plaintiff sought to add Leroy as a party expressly to defeat diversity jurisdiction and force a remand.  The court will presume otherwise here where the court pointedly asked counsel at the hearing on the motion to amend why the plaintiff felt a need to amend -- particularly where Home Depot represented that it was prepared to treat Leroy's conduct as its own -- and destruction of diversity was not one of the reasons provided.  To be clear, this court would have considered a desire to force a remand to be a factor militating against allowance of the motion to amend.

[2] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings,

```
                                        /s/ Donald L. Cabell
                                        DONALD L. CABELL, U.S.M.J.
```

DATED:   November 20, 2019

---

recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).